IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES,<br><br>Plaintiff,<br><br>vs.<br><br>HUBBARD, et al.,<br><br>Defendants. | 2:08-CV-01857-RRC<br><br>**ORDER**<br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS,**<br>**(2) GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT, AND**<br>**(3) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM, AND WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Plaintiff, a state prisoner proceeding pro se, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion for leave to file an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure in his 42 U.S.C. § 1983 action. The Court will dismiss the amended complaint with leave to file a second amended complaint.

I.   Application to Proceed In Forma Pauperis and Filing Fee

Plaintiff's Application to Proceed In Forma Pauperis satisfies the requirements of 28 U.S.C. § 1915(a), therefore, his request to proceed in forma pauperis is granted. Plaintiff is required to pay

- 1 -

the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been and is currently without funds so the Court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff is required to make monthly payments of twenty percent of the preceding month's income to be credited to Plaintiff's prison trust account. The California Department of Corrections shall collect and forward these payments to the Clerk of the Court each time the amount in Plaintiff's trust account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.  Motion to Amend Complaint

Plaintiff filed this action on August 11, 2008. (Doc. 2.) On March 11, 2009, Plaintiff filed a motion for leave to file a first amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend a pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). The court will freely give leave to amend when justice so requires. Id. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint generally supercedes the original complaint. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). As this is Plaintiff's first motion to amend and responsive pleadings have not been served, Plaintiff's motion for leave to file an amended complaint is granted.

III. Statutory Screening of Prisoner Complaint

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court decides that a pleading could be cured by the allegation of other facts, the pro se prisoner is entitled to an opportunity to amend his complaint before dismissal of the action. See, e.g., Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept

as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Exhibits attached to the complaint may be considered in determining whether dismissal is proper. Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). If a court takes judicial notice of another court's opinion, it may do so only for the existence of the opinion, not for the truth of the facts recited therein. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

        A.     Eighth Amendment Prison Conditions Claims

Establishing a § 1983 claim for cruel and unusual prison conditions in violation of the Eighth Amendment requires a two part showing. Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). The prisoner must first show that he was deprived of something "sufficiently serious." Id. "A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks omitted). The prisoner must then show that the deprivation occurred with deliberate indifference to the prisoner's health or safety. Id. Some conditions of confinement may combine to establish an Eighth Amendment violation when each is insufficient to do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food or warmth. See Wilson v. Seiter, 501 U.S. 294, 304 (1991).

Plaintiff asserts he was confined in the administrative segregation unit for eight months without access to a television, radio, mirror, comb, or brush, and was thereby "tortured by use of sensory deprivation." Plaintiff's allegations regarding these conditions of his confinement, without more, do not rise to the level of a constitutional violation. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) (rejecting a claim of unconstitutional isolation in an administrative segregation unit). Even if Plaintiff had a right to possess these items, the named Defendants would be entitled to qualified immunity because their decision to withhold these items was not clearly unlawful. See 28 U.S.C. § 1915(e)(2)(B)(iii) (court must dismiss action if it seeks monetary relief against a defendant who is entitled to immunity); cf. Foster, 554 F.3d at 815 (Eighth Amendment right to food is clearly established).

Plaintiff claims Suzan Hubbard, Mike Knowles, Ms. Mandeville, Rubin Perez, Dr. Pia, and

other John Doe prison officials violated the Eighth Amendment by depriving him of adequate cell lighting for reading for five months before he was moved to a cell with sufficient light. "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). However, Plaintiff has not alleged facts to show that each particular Defendant acted with deliberate indifference and therefore fails to state a claim.

Plaintiff's vague statement that the Defendants are responsible in various respects for the "policies and procedure affecting treatment of prisoners within CDCR" does not demonstrate how the Defendants acted with deliberate indifference to his need for adequate lighting . See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Nor does Plaintiff identify a particular policy that was the moving force behind the alleged unconstitutional condition in order to hold the Defendants liable in their official capacity. See Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403-04 (1997) (explaining entity liability under § 1983 is premised on a policy or custom causing the constitutional injury); Hafer v. Melo, 502 U.S. 21, 25 (1991) (noting official capacity suits are generally only another way of pleading an action against the entity of which the officer named is an agent).

B.  Americans with Disabilities Act (ADA) and Related Eighth Amendment Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; see also 28 C.F.R 35.130(b)(7) ("A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."). But see Townsend v. Quasim, 328 F.3d 511, 518 (9th Cir. 2003) ("It is clear from the language of Title II and the integration

regulation that public entities are not required to create new programs that provide heretofore unprovided services to assist disabled persons."). "In order to state a claim under Title II of the ADA, a plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." O'Guinn v. Lovelock Correctional Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007). To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant using the deliberate indifference standard. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." Id. at 1139.

Plaintiff claims Suzan Hubbard, Mike Knowles, Ms. Mandeville, Rubin Perez, Dr. Pia, and other John Doe prison officials violated the ADA by refusing to promptly deliver "ADA devices that had been prescribed for him to function as a normal human being." According to Plaintiff, these devices include, but are not limited to "an over bed table, a forearm support, and plaintiff's personal typewriter." Plaintiff states his physical impairments include upper extremity paralysis and extreme muscle atrophy. On October 3, 2007, an occupational therapist recommended the use of these three devices "when [Plaintiff's] housing assignment supports the safe and functional use of these items." On December 5, 2007, prison medical staff documented that these items "are essential for everyday functioning." Plaintiff submitted an ADA form requesting these items on November 30, 2007, which was granted on February 14, 2008. Plaintiff states the devices "were finally delivered to plaintiff on February 26, 2008."

Plaintiff fails to state a claim since he does not assert facts showing he was denied any state-provided benefits based on his disability. Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" when no discrimination is alleged and the prisoner is not treated worse because he is disabled). Moreover,

Plaintiff fails to state a claim even assuming he was denied benefits because of his disability as he does not state facts suggesting any of the Defendants acted with deliberate indifference to his right to possess these devices. Duvall, 260 F.3d at 1138.

Plaintiff may not bring a § 1983 claim for constitutional violations predicated on alleged violations of Title II of the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA . . . ."). Regardless, Plaintiff fails to provide *facts* showing the Defendants acted with deliberate indifference as needed to state a claim under the Eighth Amendment. Farmer, 511 U.S. at 837.

### C. Eighth Amendment Medical Treatment Claims

To maintain a § 1983 claim based on deficient prison medical treatment in violation of the Eighth Amendment, a prisoner must allege conduct demonstrating deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976). To show deliberate indifference to a serious medical need, a plaintiff must establish with respect to each defendant "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, mere negligence or medical malpractice does not violate a prisoner's Eighth Amendment rights. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to inmate health and safety. Id. at 1057. A mere difference of medical opinion does not amount to deliberate indifference. Id. at 1058.

Plaintiff claims Suzan Hubbard, Mike Knowles, Dr. Nicolas Aguilera, and Dr. Depak Mehta violated his Eighth Amendment rights by demonstrating deliberate indifference to his serious medical needs. Plaintiff states he suffers from a form of Amyotrophic Lateral Sclerosis (ALS). On December 17, 2007, Dr. Lomen-Hoerth, Director of the ALS Center at UCSF, wrote "I suggest [Plaintiff] have a case manager to coordinate re-starting PT/OT to help build up his legs and

buttocks since these areas are full strength at this time and to aid in stretching exercises for his arm. This therapy should continue throughout the year ideally. I am concerned that is [sic] pain is not under control and suggest increasing his methadone to determine the optimal dose he needs to [sic] his pain." According to Plaintiff, Dr. Lomen-Hoerth "re-issues the same order for therapy every three months writing with more force and urgency each time." Plaintiff asserts he has not received any physical therapy for the fifteen months following Dr. Lomen-Hoerth's first physical therapy order. Plaintiff also alleges Dr. Lomen-Hoerth referred Plaintiff to a pain management clinic on June 9, 2008. Plaintiff states "[s]even months have past and plaintiff has not been taken to a pain management clinic."

On July 8, 2008, Plaintiff submitted an inmate appeal alleging "Vacaville prison has refused to provide the treatments recommended by a medically recognized expert they hired to treat my case." On August 15, 2008, Plaintiff's first level appeal decision noted that there was no documentation Plaintiff ever requested attending physical therapy and directed Plaintiff to request such therapy from his provider. Plaintiff's second level appeal was granted in part on October 11, 2008. The decision concluded Plaintiff's "treating physician, Dr. Mehta has requested an Occupational Therapy follow up . . . in lieu of Physical Therapy per Physician's order dated 10-2-08."

Plaintiff fails to allege any facts showing any of the Defendants were deliberately indifferent to his medical needs. Jett, 439 F.3d at 1096. Plaintiff has also failed to state how the supervisory Defendants' policies were the "moving force" behind any constitutional violation to justify official capacity liability. See Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007). Accordingly, Plaintiff fails to state a clam for relief under § 1983.

D.    State Law Claims

Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) to decide his state claims for negligence and medical malpractice. Pursuant to 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. Plaintiff has failed to state any federal claims in his First Amended Complaint. The Court declines to exercise jurisdiction over any state law claims and will dismiss such claims

without prejudice. See McKinney v. Carey, 311 F.3d 1198, 1201 n.2 (9th Cir. 2002) (per curiam).

IV.     Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the prior complaints by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction and about the defendants, and to divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional or statutory civil right was violated, identify the issue most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional or statutory right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

Plaintiff is further advised that a second amended complaint supercedes any prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Any cause of action that was raised in a prior complaint is waived if it is not raised in a second amended complaint. Forsyth, 114 F.3d at 1474.

- 8 -

V.   Warnings

   A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   B.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See E.D. Cal. R. 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   C.   Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding a district court may dismiss an action for failure to comply with a court order).

**IT IS HEREBY ORDERED:**

1. Plaintiff's Application to Proceed In Forma Pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The Director of the California Department of Corrections or his designee shall collect payments from

Plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

3. Plaintiff's Motion for Leave to File a First Amended Complaint is <u>granted</u>.

4. The Clerk of the Court is directed to file Plaintiff's First Amended Complaint submitted March 11, 2009, attaching Plaintiff's Supplemental Exhibits submitted April 3, 2009, and May 6, 2009, to this Amended Complaint. (Docs. 9, 10, 11.)

5. The First Amended Complaint is <u>dismissed</u> for failure to state a claim. Plaintiff has <u>30 days</u> from the date this Order is filed to file a second amended complaint in compliance with this Order.

6. If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

7. The Clerk of Court must include with this Order a copy of a court-approved form for filing a civil rights complaint by a prisoner.

DATED: May 13, 2009.

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE