IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES, | 2:08-CV-01857-RRC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT** |
| vs. | |
| SUZAN HUBBARD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a First Amended Complaint in his 42 U.S.C. § 1983 action (Doc. #12), which the Court dismissed with leave to amend. Plaintiff filed a Second Amended Complaint (Doc. #15), which the Court will dismiss with leave to file a third amended complaint.

I.  Statutory Screening of Prisoner Complaint

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court decides that a pleading could be cured by the allegation of other facts, the pro se prisoner is entitled to an opportunity to amend his

- 1 -

1  complaint before dismissal of the action. See, e.g., Karim-Panahi v. Los Angeles Police Dep't, 839
2  F.2d 621, 623 (9th Cir. 1988).

3      "Under § 1915A, when determining whether a complaint states a claim, a court must accept
4  as true all allegations of material fact and must construe those facts in the light most favorable to the
5  plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Exhibits attached to the complaint
6  may be considered in determining whether dismissal is proper. Parks Sch. of Business, Inc. v.
7  Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). In addition, "[w]e may take judicial notice of court
8  filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d
9  741, 746 n.6 (9th Cir. 2006); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir.
10 2008) ("[W]e need not accept as true allegations contradicting documents that are referenced in the
11 complaint or that are properly subject to judicial notice.").

12     A.    Eighth Amendment Prison Conditions Claims

13     Establishing a § 1983 claim for cruel and unusual prison conditions in violation of the Eighth
14 Amendment requires a two part showing. Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). The
15 prisoner must first show that he was deprived of something "sufficiently serious." Id. "A
16 deprivation is sufficiently serious when the prison official's act or omission results in the denial of
17 the minimal civilized measure of life's necessities." Id. (internal quotation marks omitted). The
18 prisoner must then show that the deprivation occurred with deliberate indifference to the prisoner's
19 health or safety. Id. Some conditions of confinement may combine to establish an Eighth
20 Amendment violation when each is insufficient to do so alone, but only when they have a mutually
21 enforcing effect that produces the deprivation of a single, identifiable human need such as food or
22 warmth. See Wilson v. Seiter, 501 U.S. 294, 304 (1991).

23     1.    Sensory Deprivation Claim

24     Plaintiff asserts he was confined in the administrative segregation unit without access to a
25 television, radio, mirror, comb, or brush, and was thereby tortured. As the Court previously held in
26 its ordering dismissing the First Amended Complaint, Plaintiff's allegations regarding these
27 conditions of his confinement simply do not rise to the level of a constitutional violation. See, e.g.,
28 Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) (rejecting a claim of

unconstitutional isolation in an administrative segregation unit); see also Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) ("An institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." (internal quotation marks and alteration omitted)). Even if Plaintiff had a right to possess these items, the named defendants would be entitled to qualified immunity because their decision to withhold these items was not clearly unlawful. See 28 U.S.C. § 1915(e)(2)(B)(iii) (court must dismiss action if it seeks monetary relief against a defendant who is entitled to immunity); cf. Foster, 554 F.3d at 815 (Eighth Amendment right to food is clearly established).

### 2. Adequate Lighting Claim

Plaintiff claims Associate Wardens Ms. Mandeville and Rubin Perez violated the Eighth Amendment by depriving him of adequate cell lighting for reading for five months before he was moved to a cell with sufficient light. "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit, 753 F.2d at 783. However, Plaintiff has not alleged *facts* to show that these Defendants acted with deliberate indifference and therefore fails to state a claim.

Plaintiff's statements that Mandeville "had responsibility to supervise the jail" and that Perez failed to follow through on his August 2, 2007 administrative decision to issue a light enhanced magnifier if one was medically prescribed fail to show that these defendants acted with deliberate indifference to his need for adequate lighting. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). For instance, Plaintiff does not contend that Mandeville or Perez were personally aware of any delay in the implementation of the medical officer's recommendation, issued at the end of August 2007, to increase his cell lighting. Nor does Plaintiff identify a particular policy that was the moving force behind the alleged unconstitutional condition in order to hold the defendants liable in their official capacity. See Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403-04 (1997)

(explaining entity liability under § 1983 is premised on a policy or custom causing the constitutional injury); Hafer v. Melo, 502 U.S. 21, 25 (1991) (noting official capacity suits are generally only another way of pleading an action against the entity of which the officer named is an agent).

### B.    Eighth Amendment Medical Treatment Claims

To maintain a § 1983 claim based on deficient prison medical treatment in violation of the Eighth Amendment, a prisoner must allege conduct demonstrating deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976). To show deliberate indifference to a serious medical need, a plaintiff must establish with respect to each defendant "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, mere negligence or medical malpractice does not violate a prisoner's Eighth Amendment rights. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to inmate health and safety. Id. at 1057. A mere difference of medical opinion does not amount to deliberate indifference. Id. at 1058.

#### 1.    Delay in Providing Physical Therapy Claim

Plaintiff claims Dr. Depak Mehta violated the Eighth Amendment by demonstrating deliberate indifference to his serious medical needs. Plaintiff states he suffers from a form of Amyotrophic Lateral Sclerosis (ALS). On December 17, 2007, Dr. Lomen-Hoerth, Director of the ALS Center at UCSF, wrote "I suggest [Plaintiff] have a case manager to coordinate re-starting PT/OT to help build up his legs and buttocks since these areas are full strength at this time and to aid in stretching exercises for his arm. This therapy should continue throughout the year ideally." Plaintiff asserts he has not received any physical therapy for the fifteen months following Dr. Lomen-Hoerth's first physical therapy order.

On July 8, 2008, Plaintiff submitted an inmate appeal alleging "Vacaville prison has refused to provide the treatments recommended by a medically recognized expert they hired to treat my

case." On August 15, 2008, Plaintiff's first level appeal decision noted "There is no documentation in your Unit Health Record from your provider that you have requested attending PT. There are also no Health Care Services Request Forms from you requesting PT. It is recommended to request PT sessions from your provider. In the future you shall follow the CMF policy by completing a Health Care Services Request Form requesting to see your doctor." Plaintiff's second level appeal was granted in part on October 11, 2008, and found that Plaintiff's "treating physician, Dr. Mehta has requested an Occupational Therapy follow up for you in lieu of Physical Therapy per Physician's order dated 10-2-08."

Plaintiff fails to set forth sufficient facts showing Dr. Mehta was deliberately indifferent to his medical needs. Jett, 439 F.3d at 1096. Plaintiff's bald assertion here that Dr. Mehta "knew of the [December 2007 physical therapy] order" without any explanation of *how* or *when* Mehta knew of the order does not furnish enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Accordingly, Plaintiff fails to state a claim for relief under § 1983.

         2.     <u>Delay in Providing ADA Assistance Devices Claim</u>

Plaintiff claims Dr. Pia, "the doctor at Willis [Administrative Segregation] Unit" was deliberately indifferent to his health and safety needs "when she waited for five month[s] to transfer [him] to the Out-Patient Housing Unit where he could possess the assistance devices he required to attend to his daily hygiene and normal daily activities." On October 3, 2007, an occupational therapist recommended the use of certain assistance devices "when [Plaintiff's] housing assignment supports the safe and functional use of these items." On December 5, 2007, prison medical staff documented that these items "are essential for everyday functioning." Plaintiff submitted an ADA form requesting these items on November 30, 2007, which was granted on February 14, 2008. Plaintiff stated the devices were delivered to him on February 26, 2008.

Plaintiff has not addressed the defects in this claim that the Court identified in its prior dismissal order. To be clear, Plaintiff may not bring a § 1983 claim for constitutional violations

predicated on alleged violations of Title II of the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA . . . ."). Plaintiff again has failed to provide *facts* showing Dr. Pai acted with deliberate indifference to his serious needs as required to state a claim under the Eighth Amendment. Farmer, 511 U.S. at 837.

II.   Leave to Amend

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a third amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the prior complaints by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction and about the defendants, and to divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional or statutory civil right was violated, identify the issue most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional or statutory right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

Plaintiff is further advised that a third amended complaint supercedes any prior complaint,

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. R. 15-220. Any cause of action that was raised in a prior complaint is waived if it is not raised in a third amended complaint. Forsyth, 114 F.3d at 1474.

III. Warnings

A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See E.D. Cal. R. 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

C. Possible "Strike"

Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding a district court may dismiss an action for failure to comply with a court order).

**IT IS HEREBY ORDERED:**

1. The Second Amended Complaint is <u>dismissed</u> for failure to state a claim. Plaintiff has <u>30 days</u> from the date this Order is filed to file a third amended complaint in compliance with this Order.

2. If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk of Court must include with this Order a copy of a court-approved form for filing a civil rights complaint by a prisoner.

DATED: September 10, 2009.

                                                 /s/ Richard R. Clifton
                                               RICHARD R. CLIFTON
                                               UNITED STATES CIRCUIT JUDGE