IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SUZAN HUBBARD, et al.,<br><br>　　　　Defendants.<br>_____/ | 2:08-CV-01857-RRC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE WITH LEAVE TO FILE A FOURTH AMENDED COMPLAINT AND APPOINTING COUNSEL** |

Plaintiff, a state prisoner proceeding pro se, filed a First Amended Complaint in his 42 U.S.C. § 1983 action (Doc. #12), which the Court dismissed with leave to amend. Plaintiff filed a Second Amended Complaint (Doc. #15), which the Court dismissed with leave to amend. Plaintiff filed a Third Amended Complaint (Doc. #21), which the Court will dismiss with leave to file a Fourth Amended Complaint. Plaintiff has also filed a request for appointment of counsel (Doc #22), which the Court will grant and appoint King Hall Civil Rights Clinic as counsel for Plaintiff pursuant to General Order 230.

I.　Statutory Screening of Prisoner Complaint

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court decides that a pleading could be cured by the allegation of other facts, the pro se prisoner is entitled to an opportunity to amend his complaint before dismissal of the action. See, e.g., Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Exhibits attached to the complaint may be considered in determining whether dismissal is proper. Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). In addition, "[w]e may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("[W]e need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice.").

A. Eighth Amendment Prison Conditions Claims

Establishing a § 1983 claim for cruel and unusual prison conditions in violation of the Eighth Amendment requires a two part showing. Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). The prisoner must first show that he was deprived of something "sufficiently serious." Id. "A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks omitted). The prisoner must then show that the deprivation occurred with deliberate indifference to the prisoner's health or safety. Id. Some conditions of confinement may combine to establish an Eighth Amendment violation when each is insufficient to do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food or warmth. See Wilson v. Seiter, 501 U.S. 294, 304 (1991).

1. Sensory Deprivation Claim

Plaintiff asserts that Defendants Arceo, Freese, and others denied him access to his

television, radio, compact discs, or other stimuli. As the Court previously held in its orders dismissing the First and Second Amended Complaints, Plaintiff's allegations regarding these conditions of his confinement simply do not rise to the level of a constitutional violation. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) (rejecting a claim of unconstitutional isolation in an administrative segregation unit); see also Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) ("An institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." (internal quotation marks and alteration omitted)). Even if Plaintiff had a right to possess these items, the named defendants would be entitled to qualified immunity because their decision to withhold these items was not clearly unlawful. See 28 U.S.C. § 1915(e)(2)(B)(iii) (court must dismiss action if it seeks monetary relief against a defendant who is entitled to immunity); cf. Foster, 554 F.3d at 815 (Eighth Amendment right to food is clearly established). The Court finds that the pleading of additional or different facts cannot cure the deficiencies in this claim and therefore dismisses with prejudice claims related to denial of stimuli.

        2.      Adequate Lighting Claim

Plaintiff claims Associate Wardens Ms. Mandeville and Rubin Perez violated the Eighth Amendment by depriving him of adequate cell lighting for reading for five months before he was moved to a cell with sufficient light. "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit, 753 F.2d at 783. However, Plaintiff has not alleged sufficient *facts* to show that these Defendants acted with deliberate indifference and therefore fails to state a claim.

Plaintiff's statements that Mandeville "was also aware of the Plaintiff's disability, but refused to take action" and that Perez "orally promised Mr. James that the absense of light would be remedied" fail to show that these defendants acted with deliberate indifference to his need for adequate lighting. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference.").

In the case of Mandeville, Plaintiff alleges that she was aware of his disability, but does not allege that she was aware of the lack of lighting in his cell. Without awareness of the conditions of confine, Mandeville cannot have knowingly disregarded the risk to the Plaintiff. In the case of Perez, Plaintiff's statement that Perez orally promised that the absence of light would be remedied alleges sufficient facts to show that Perez was aware of both Plaintiffs' disability and the conditions in his cell. However Plaintiff has not cured the deficiency identified in the Court's order dismissing his Second Amended Complaint, specifically he has not alleged that Perez was personally aware of any delay in remedying the lack of light. Nor does Plaintiff allege that Perez was personally responsible for remedying the problem himself. As such Plaintiff has not alleged sufficient facts to show that Perez was deliberately indifferent to Plaintiff's situation.

Nor does Plaintiff identify a particular policy that was the moving force behind the alleged unconstitutional condition in order to hold the defendants liable in their official capacity. See Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403-04 (1997) (explaining entity liability under § 1983 is premised on a policy or custom causing the constitutional injury); Hafer v. Melo, 502 U.S. 21, 25 (1991) (noting official capacity suits are generally only another way of pleading an action against the entity of which the officer named is an agent). Plaintiff's § 1983 claims based on inadequate lighting are dismissed without prejudice.

B. Eighth Amendment Medical Treatment Claims

To maintain a § 1983 claim based on deficient prison medical treatment in violation of the Eighth Amendment, a prisoner must allege conduct demonstrating deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976). To show deliberate indifference to a serious medical need, a plaintiff must establish with respect to each defendant "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, mere negligence or medical malpractice does

not violate a prisoner's Eighth Amendment rights. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to inmate health and safety. Id. at 1057. A mere difference of medical opinion does not amount to deliberate indifference. Id. at 1058.

Plaintiff claims Dr. Depak Mehta violated the Eighth Amendment by demonstrating deliberate indifference to his serious medical needs. Plaintiff states he suffers from a form of Amyotrophic Lateral Sclerosis (ALS). On December 17, 2007, Dr. Lomen-Hoerth, Director of the ALS Center at UCSF prescribed physical therapy to slow the progression of the disease. Plaintiff alleges that despite received repeated recommendations for physical therapy from the ALS Center to Dr. Mehta and others his physical therapy was delayed for fifteen months. Plaintiff also alleges that as a result of this delay he has suffered "devastating and possibly permanent muscle loss and loss of body function and movement."

Plaintiff has still not set forth sufficient facts showing Dr. Mehta was deliberately indifferent to his medical needs. Jett, 439 F.3d at 1096. Plaintiff's allegation that Dr. Mehta received repeated recommendations from the ALS center does explain how Mehta knew of the recommendation for physical therapy, however it fails to remedy the other deficiency identified in the Court's denial of the Second Amended Complaint because it fails to allege when Mehta was aware of the recommendation. There is therefore insufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Accordingly, Plaintiff fails to state a claim for relief under § 1983 for inadequate medical treatment and these claims are dismissed without prejudice

C.   Violations of Rehabilitation Act and Americans with Disabilities Act

Plaintiff alleges that the individual defendants in their official capacity and the CDCR violated Section 504 of the Rehabilitation Act (Rehab Act), 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, by failing to accommodate Plaintiffs' vision disability and denying him medical care adequate to address his ALS disability. Both of these

- 5 -

acts apply to prisons, *see United States v. Georgia*, 546 U.S. 206, 213 (2006), and the Ninth Circuit has held that they can be applied to state prisons, *see Thompson v. Davis*, 295 F.3d 890, 895-99 (9th Cir. 2002) (per curiam).

To state a claim under Title II of the ADA a plaintiff must "allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of plaintiff's disability." *Thompson*, 295 F.3d at 895. To state a claim under the § 504 of the Rehab Act a plaintiff must show "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit, (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duval v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff has properly alleged that he is an individual with a disability because his vision impairment and ALS are both physical "impairment[s] that substantially limit[] one or more major life activities." 42 U.S.C. § 12102(1)(A). He has also properly alleged for the purposes of his Rehab Act claim that the CDCR receives federal financial assistance. However Plaintiff's claims fail because he has failed to identify what services, programs or activities he was excluded from or denied the benefit of as a result of his disability, or how he was otherwise discriminated against as a result of his disability.

It does not appear that Plaintiff contends that he was denied adequate lighting in his cell because of his disability, nor that he was denied physical therapy because of his ALS. *Cf. Thompson*, 295 F.3d at 898 ("[T]he parole board may not categorically exclude a class of disabled people from consideration for parole because of their disability."). Presumably Plaintiff's claim is that he was denied the benefits of, access to, or participation in some other prison service, program or activity because of the prison's failure to accommodate his disabilities, but the complaint fails to allege any facts showing such a denial. There are no allegations that the lack of light in Plaintiff's cell prevented him from benefitting from or participating in any prison service, program or activity

- 6 -

that he is otherwise qualified to participate in, nor that the CDCR otherwise failed to accommodate Plaintiff's vision impairment. Likewise Plaintiff does not identify how the denial of physical therapy for his ALS has prevented him from benefitting from or participating in any prison service, program, or activity that he is otherwise qualified to participate in. The complaint's conclusory allegation that Plaintiff was denied "meaningful access to services, activities and programs administered or provided by the prison, and discriminated against" is insufficient, absent factual support, to state a valid claim. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"). Plaintiff's claims under the ADA and Rehab Act are dismissed without prejudice.

II.   Leave to Amend

For the foregoing reasons, Plaintiff's Third Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 40 days, Plaintiff may submit a fourth amended complaint which may include all claims dismissed without prejudice.

III.   Appointment of Counsel

Plaintiff has petitioned the Court to appoint counsel to aid him in his suit. The Court may appoint counsel under 28 U.S.C. § 1915(e)(1) in civil matters when a litigant is unable to afford counsel and there are exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) *see also* Eastern District of California General Order No. 230. The Court finds that Plaintiff is indigent and unable to otherwise obtain legal representation despite substantial effort to do so. This is not the type of case that attorneys in this district ordinarily accept without payment of a fee and it is not a fee generating case within the meaning of California Business and Professions Code § 8030.4(g). There are exceptional circumstances here because of Plaintiff's disabilities, the complexity of Plaintiff's potential claims under the ADA and Rehab Act, and the willingness of the King Hall Civil Rights Clinic to represent Plaintiff. The Court also finds that this case has sufficient merit to warrant appointment pursuant to General Order No. 230.

IV.   Warnings

    A.   Amending Complaint if Plaintiff Decides to Proceed Pro Se

While the Court has approved Plaintiff's request to appoint, if Plaintiff decides to continue to proceed pro se, within 40 days Plaintiff may submit a fourth amended complaint on the form provided with this Order. The amended complaint may include all claims dismissed without prejudice. If Plaintiff fails to use the form provided with this Order, the Court may strike the fourth amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Fourth Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the prior complaints by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction and about the defendants, and to divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional or statutory civil right was violated, identify the issue most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional or statutory right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

Plaintiff is further advised that a fourth amended complaint supercedes any prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. R. 15-220. Any cause of action that was raised in a prior complaint is waived if it is not raised in a fourth amended complaint. Forsyth, 114 F.3d at 1474.

B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See E.D. Cal. R. 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

D. Possible "Strike"

Because the Third Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a fourth amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding a district court may dismiss an action for failure to comply with a court order).

**IT IS HEREBY ORDERED:**

1. The Third Amended Complaint is dismissed for failure to state a claim. Plaintiff's claims based on stimuli deprivation are denied with prejudice. All other claims are denied with prejudice and plaintiff has 40 days from the date this Order is filed to file a fourth amended complaint repleading these claims in compliance with this Order.

2. If Plaintiff fails to file a fourth amended complaint within 40 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk of Court must include with this Order a copy of a court-approved form for filing a civil rights complaint by a prisoner.

4. The Court appoints King Hall Civil Rights Clinic, located at 430 Mrak Hall Drive, Davis, CA 95616, as attorney for plaintiff pursuant to General Order No. 230.

5. The Clerk of the Court is directed to send counsel a copy of this order and the file in this matter.

6. Counsel shall submit all deposition transcript costs for payment pursuant to section 8030.6 of the California Business and Professions Code. All other contemplated costs shall be handled as described in General Order 230.

DATED: November 22, 2010.

/s/ Richard R. Clifton  
RICHARD R. CLIFTON  
UNITED STATES CIRCUIT JUDGE