IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES, | 2:08-CV-01857-RRC |
| Plaintiff, | **ORDER** |
| vs. | |
| SUZAN HUBBARD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed a First Amended Complaint in his 42 U.S.C. § 1983 action (Doc. #12), which the Court dismissed with leave to amend. Plaintiff filed a Second Amended Complaint (Doc. #15), which the Court dismissed with leave to amend. Plaintiff filed a Third Amended Complaint (Doc. #21), which the Court dismissed with leave to file a Fourth Amended Complaint as to some of the claims. Plaintiff filed a Fourth Amended Complaint (Doc. #30), which the Court finds does state a claim as to some of the defendants.

I. Statutory Screening of Prisoner Complaint

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

- 1 -

1  immune from such relief. 28 U.S.C. § 1915A(b).

2  "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Exhibits attached to the complaint may be considered in determining whether dismissal is proper. Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). In addition, "[w]e may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("[W]e need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice.").

A.   Eighth Amendment Prison Conditions Claims

Establishing a § 1983 claim for cruel and unusual prison conditions in violation of the Eighth Amendment requires a two part showing. Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). The prisoner must first show that he was deprived of something "sufficiently serious." Id. "A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks omitted). The prisoner must then show that the deprivation occurred with deliberate indifference to the prisoner's health or safety. Id.

Plaintiff claims that he was denied adequate lighting, given his vision impairment, in his cell. He alleges that Associate Wardens Mandeville and Perez were aware of the lack of lighting and his vision impairment and failed to take steps to remedy the problem for at least five months. "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff's previous complaints failed to plead facts sufficient to

show that Mandeville and Perez were aware of his disability, the lack of lighting, and the failure to remedy the situation. His current complaint remedies this deficiency.

In the case of Mandeville, Plaintiff alleges that he informed Mandeville of the problem at two meetings of a committee where inmates were invited to voice their concerns. These meetings where held every ninety days and Plaintiff alleges he raised the issue at two successive meetings. Plaintiff also alleges that Mandeville displayed indifference to the conditions of his cell. In the case of Perez, Plaintiff's allegation that Perez orally promised that the absence of light would be remedied alleges sufficient facts to show that Perez was aware of both Plaintiffs' disability and the conditions in his cell. Plaintiff has cured the deficiency identified in the Court's order dismissing his Third Amended Complaint, by alleging facts sufficient to show that Perez was personally aware of the delay in remedying the lack of light. Construing the pleadings liberally, Plaintiff has stated a claim against Mandeville and Perez.

However Plaintiff has failed to state a claim against Hubbard. He has failed to identify any overt act or omission done by Hubbard that deprived him of a constitutional right. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). His only allegation against Hubbard is that she was the warden at the time of the violations and responsible for supervising prison employees. However, supervisory personally are generally not liable under § 1983 under a theory of respondeat superior for the actions of their employees. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Rather the Plaintiff must plead a defendant's personal involvement in the alleged constitutional violation. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not met this burden and the claims against Hubbard are dismissed with prejudice.

B.      Eighth Amendment Medical Treatment Claims

To maintain a § 1983 claim based on deficient prison medical treatment in violation of the Eighth Amendment, a prisoner must allege conduct demonstrating deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976). To show deliberate indifference to a serious medical need, a plaintiff must establish with respect to each defendant "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be

shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, mere negligence or medical malpractice does not violate a prisoner's Eighth Amendment rights. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to inmate health and safety. Id. at 1057. A mere difference of medical opinion does not amount to deliberate indifference. Id. at 1058.

Plaintiff claims Dr. Depak Mehta violated the Eighth Amendment by demonstrating deliberate indifference to his serious medical needs. Plaintiff states he suffers from a form of Amyotrophic Lateral Sclerosis (ALS). On December 17, 2007, Dr. Lomen-Hoerth, Director of the ALS Center at UCSF prescribed physical therapy to slow the progression of the disease. Plaintiff alleges that despite repeated recommendations for physical therapy from the ALS Center to Dr. Mehta and others, his physical therapy was delayed for fifteen months. Plaintiff also alleges that as a result of this delay he has suffered "devastating and possibly permanent muscle loss and loss of body function and movement."

Plaintiff has now set forth sufficient facts showing Dr. Mehta was deliberately indifferent to his medical needs. He alleges that he consistently met with Dr. Mehta within days of his appointments at the UCSF ALS Center and that during these meetings Dr. Mehta reviewed with him the recommendations made by the clinic. This allegation is sufficient to show how and when Dr. Mehta was aware of the recommendation that Plaintiff receive physical therapy. Plaintiff alleges that Dr. Mehta delayed his prescribed physical therapy for fifteen months. These allegations are sufficient to state a claim against Dr. Mehta.

    C.    <u>Violations of Rehabilitation Act and Americans with Disabilities Act</u>

Plaintiff alleges that the individual defendants in their official capacity and the CDCR violated Section 504 of the Rehabilitation Act (Rehab Act), 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, by failing to accommodate Plaintiffs' vision disability and denying him medical care adequate to address his ALS disability. Both of these acts apply to prisons, see United States v. Georgia, 546 U.S. 206, 213 (2006), and the Ninth Circuit

has held that they can be applied to state prisons, *see Thompson v. Davis*, 295 F.3d 890, 895-99 (9th Cir. 2002) (per curiam).

To state a claim under Title II of the ADA a plaintiff must "allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of plaintiff's disability." *Thompson*, 295 F.3d at 895. To state a claim under the § 504 of the Rehab Act a plaintiff must show "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit, (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duval v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff has properly alleged that he is an individual with a disability because his vision impairment and ALS are both physical "impairment[s] that substantially limit[] one or more major life activities." 42 U.S.C. § 12102(1)(A). He has also properly alleged for the purposes of his Rehab Act claim that the CDCR receives federal financial assistance. Plaintiff's amended complaint also identifies what services, programs or activities he was excluded from or denied the benefit of as a result of his disability, or how he was otherwise discriminated against as a result of his disability. He has identified how both the failure to accommodate his vision problems and the failure to accommodate and treat his ALS has caused him to be deprived of prison services ranging from physical recreation to using the prison law library. Construing the pleadings liberally, Plaintiff has pled sufficient facts to state a claim for violation of the ADA and Rehab Act.

**IT IS HEREBY ORDERED:**

1. The Plaintiff's claims against Defendant Hubbard for violations of his Eighth Amendment rights are <u>dismissed with prejudice</u> for failure to state a claim. Plaintiff shall file a Fifth Amended Complaint with these claims removed, and no other changes, within 10 days.

2. After review of the Fifth Amended Complaint this Court shall issue further orders regarding service of the complaint.

DATED: May 27, 2011.

                                                                                                /s/ Richard R. Clifton  
                                                                                               RICHARD R. CLIFTON  
                                                                                               UNITED STATES CIRCUIT JUDGE