Carter C. White, CSB # 164149
U.C. Davis Civil Rights Clinic
One Shields Avenue, Bldg. TB-30
Davis, CA 95616-8821
Telephone: (530) 752-5440
Fax: (530) 752-5788
ccwhite@ucdavis.edu

Attorney for Plaintiff,
Charles James

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES JAMES,**<br>Plaintiff,<br>vs.<br>**SUZAN HUBBARD, et al.,**<br>Defendants. | No. 2:08-cv-01857-RRC<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PEREZ AND MANDEVILLE'S MOTION TO DISMISS** |

## I. INTRODUCTION

Pursuant to this Court's order of February 2, 2012 (ECF 41) and E.D. Cal. Local Rule 230(c), Plaintiff Charles James, through counsel, files this Opposition to the Motion to Dismiss of Defendants Perez and Mandeville (ECF 43).

## II. APPLICABLE LEGAL STANDARD FOR A MOTION TO DISMISS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendants are liable for the alleged misconduct. *Iqbal*, 129 S.Ct., at 1949. "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. In evaluating a Rule 12(b)(6) Motion to Dismiss, the Court must 1) identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth and 2) consider the factual allegations to determine if they plausibly suggest a claim for relief. *Iqbal*, 129 S.Ct., at 1950; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

## III. LAW AND ARGUMENT

### A. This Court has already determined that Plaintiff's Complaint states valid claims against these Defendants, and Defendants are precluded from raising this argument again.

Under the provisions of the Prison Litigation Reform Act requiring screening of prisoner cases, 28 U.S.C. § 1915A, this Court has already determined that Plaintiff's Fifth Amended Complaint states cognizable claims against Defendants Perez and Mandeville. *See* ECF 31, at 3:11-12; ECF 33, at 1:28-2:2. The PLRA requires the screening court to dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting similar in forma pauperis PLRA screening provision "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Accord*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "The Court has already screened the case and allowed Plaintiff to proceed against Defendants." *Shockley v. McCarty*, 677 F.Supp.2d 741, 746 (D. Del. 2009). The law of the case doctrine precludes

reconsideration in all but certain limited circumstances, none of which apply here, such as when the record contains new evidence or where the complaint has been amended after screening. *Id*. This Court should deny the Defendants' motion on this basis.

B. Plaintiff made a valid Eighth Amendment claim against Defendants in their individual capacities under § 1983 because he sufficiently alleged facts about the lighting in his prison cell and Defendants' knowledge and conduct regarding it.

In their motion, Defendants invoke *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) to support their argument that Plaintiff is foreclosed from bringing an action under 42 U.S.C. § 1983. Specifically, Defendants argue that Plaintiff may not bring a § 1983 action to vindicate Plaintiff's rights under the ADA and Rehabilitation Act due to the statutes' comprehensive remedial schemes.

Contrary to Defendants' assertion, Plaintiff is not seeking to vindicate his rights under the ADA and Rehabilitation Act via § 1983. Therefore, the holding of *Vinson* is not relevant in this case. In *Vinson*, the court noted that the only § 1983 claim that the plaintiff preserved on appeal was that the defendant in her individual capacity violated the plaintiff's federal rights under the ADA and Rehabilitation Act. *Vinson*, 288 F.3d at 1148. The court dismissed the § 1983 claim because it was barred by the comprehensive remedial scheme of the statutes. *Id.* at 1156. However, in the present case, Plaintiff brought a separate § 1983 claim against Defendants in their individual capacities under the Eighth Amendment for inadequate lighting. ECF 32, ¶ 29-33. Because Plaintiff's claim is not predicated on ADA or Rehabilitation Act violations, it should not be dismissed on the grounds that it is barred due to the comprehensive remedial scheme of the ADA or Rehabilitation Act. This is not a Bivens action, based on a court-made remedy that can be limited by legislative enactment. E.g., *Hui v. Castaneda*, 130 S.Ct. 1845

(2010), *Bush v. Lucas*, 462 U.S. 367 (1983) (limiting remedy provided by *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971) based on other comprehensive remedial schemes).  Congress did not repeal 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments when it passed the ADA and the Rehabilitation Act.  The Court should deny Defendants' motion.

Furthermore, Plaintiff's § 1983 action for an Eighth Amendment violation is actionable under current case law.  The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Eighth Amendment imposes duties on prison officials to "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To state a claim against a prison official under the Eighth Amendment, a prisoner must meet two prongs: an objective requirement that the "deprivation alleged ... be sufficiently serious" and a subjective requirement that the prison official have a "sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted).  A prisoner meets the objective requirement if the prison official's act or omission to act results in the denial of "'the minimal civilized measure of life's necessities.'" *Id.* (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  A prisoner meets the subjective requirement if a prison official acts with deliberate indifference such that he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.  The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

In the present case, Plaintiff in the Fifth Amended Complaint alleged the denial of the basic necessity of adequate lighting due to Defendants' failure to address the deficient lighting in Plaintiff's prison cell. ECF 32, ¶ 20 (Plaintiff "suffered deteriorated mental function, as he was unable to read or otherwise use his vision while in his cell."); *id.* at ¶ 22 ("He could not read, write, walk around the cell without bumping into objects, make his bed, and function in the dark."). The Ninth Circuit has deemed adequate lighting in prison cells to be one of the "fundamental attributes of 'adequate shelter' required by the Eighth Amendment." *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). The Ninth Circuit in *Hoptowit* upheld the district court's conclusion that the lighting in the case violated the Eighth Amendment given evidence that the lighting was "inadequate for reading and caused eyestrain and fatigue and hindered attempts to insure that basic sanitation was maintained." *Id.* District courts in the Ninth Circuit have similarly voiced concerns about inadequate lighting. *See, e.g.*, *Martino v. Carey*, 563 F. Supp. 984, 999 (D. Or. 1983) (the Eighth Amendment "has been recognized as requiring a minimum level of illumination in jails so that normal activities of life may be conducted"); *Toussaint v. Rushen*, 553 F. Supp. 1365, 1380 (N.D. Cal. 1983) (noting that courts have acknowledged the "debilitating psychological effects" that an inmate may experience as a result of inadequate lighting).

In the Fifth Amended Complaint, Plaintiff in the present case also sufficiently alleged that Defendants failed to address the lighting issue despite their knowledge of the substantial risk of serious harm to Plaintiff's health and safety regarding inadequate lighting.

1. Plaintiff alleged suffering deficient lighting for at least five months despite Defendant Perez's awareness of the lighting problem, promise to fix it, and recommendation for a medical evaluation for Plaintiff in response to his CDC 1824 form.

In the Fifth Amended Complaint, Plaintiff alleged that Defendant Perez knew that inadequate lighting was a "longstanding" problem because "Defendant Perez was an associate warden at the Willis Unit where all cells had deficient lighting, not only Plaintiff's." ECF 32, ¶ 30. Furthermore, Plaintiff alleged that Defendant Perez "orally promised" him that the inadequate lighting would be fixed and that Defendant Perez responded to Plaintiff's CDC 1824 request regarding the inadequate lighting by recommending that Plaintiff be scheduled for a medical evaluation. *Id.* at ¶ 15, 16. Despite Plaintiff's subsequent appointment with Dr. Crosson who ordered that the lighting be fixed and Defendant Perez's knowledge of the lighting issue, Plaintiff alleged that "his needs were left unmet for over five months." *Id.* at ¶ 19. Consequently, Plaintiff alleged that he suffered deteriorated mental function, depression, anxiety, and violent hallucinations. *Id.* at ¶ 20, 21.

2. Plaintiff alleged suffering deficient lighting for at least five months even though Plaintiff brought it to the attention of Defendant Mandeville through committee meetings and correspondence.

In the Fifth Amended Complaint, Plaintiff alleged facts demonstrating that Defendant Mandeville had knowledge of the inadequate lighting. He alleged that Defendant Mandeville was an associate warden and the acting chair of a committee which held meetings where inmates could voice their concerns. ECF 32, ¶ 31. Plaintiff alleged that he attended at least two of these meetings and voiced his concern about the inadequate lighting and how it affected his well-being. *Id.* Yet, Plaintiff alleged that Defendant Mandeville cut him off and directed him to "file an 1824 form, a 602 form, or 'talk to someone else.'" *Id.* Plaintiff further alleged facts in the complaint demonstrating that Defendant Mandeville had knowledge of the inadequate lighting, given that committee meetings were held every 90 days and Plaintiff complained at them at least

twice. *Id.* On top of his verbal complaints, Plaintiff wrote directly to Defendant Mandeville to convey his complaint about the inadequate lighting. *Id.* Defendant Mandeville failed to act despite her knowledge, as Plaintiff's needs went unmet for over five months, and he consequently suffered deteriorated mental function, depression, anxiety, and violent hallucinations. *Id.* at ¶ 20, 21.

Because Plaintiff alleged sufficient facts regarding the lighting condition in his prison cell and Defendants' knowledge and conduct regarding the lighting issue, the Eighth Amendment claim for inadequate lighting under § 1983 should survive Defendants' Motion to Dismiss.

C. Plaintiff may permissibly bring ADA and Rehabilitation Act claims against Defendants in their official capacities for damages because he alleges knowledge and conduct on the part of Defendants that exhibited deliberate indifference towards Plaintiff.

In their motion, Defendants cite *Miranda B. v. Kitzhaber*, 328 F.3d 1181 (9th Cir. 2003) and other case law to support the argument that individual defendants in their official capacity may only be sued for prospective injunctive relief with regard to Plaintiff's ADA and Rehabilitation Act claims. Defendants consequently argue that Plaintiff has failed to state a claim under the ADA or Rehabilitation Act because Plaintiff does not plead any facts in the Fifth Amended Complaint in support of prospective injunctive relief.

Plaintiff is not precluded from bringing ADA or Rehabilitation Act claims against Defendants in their official capacities on the grounds that he seeks monetary damages rather than prospective injunctive relief. First, the Eleventh Amendment does not bar suits against the state under Title II of the ADA or Section 504 of the Rehabilitation Act. *See Hason v. Medical Bd. of Cal.*, 279 F.3d 1167, 1171 (9th Cir. 2002) (reaffirming the holding in *Dare v. California*,

191 F.3d 1167 (9th Cir. 1999) and *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997) that Congress validly abrogated state sovereign immunity in enacting Title II of the ADA); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 820-21 (9th Cir. 2001) (reaffirming the holding in *Clark* that the Rehabilitation Act conditions the receipt of federal funds upon a state's agreement to waive Eleventh Amendment immunity).  Because the California Department of Corrections and Rehabilitation (CDCR) is considered a state entity that receives federal funds, Plaintiff in the present case may sue Defendant CDCR for ADA and Rehabilitation Act claims without violating the Eleventh Amendment.  Similarly, Plaintiff may sue state officials employed by CDCR such as Defendants Perez and Mandeville in their official capacities without being barred by the Eleventh Amendment.

      A plaintiff must allege several elements to establish disability discrimination under Title II of the ADA: "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Here, as a threshold burden, Plaintiff in the Fifth Amended Complaint meets the above elements to state a claim of disability discrimination under Title II of the ADA.  He alleged that he is a qualified individual with a disability under the ADA, given his physical vision impairment that substantially limits a major life activity including seeing, and his record of impairment. ECF 32, ¶ 39.   Plaintiff alleged that he "meets the essential eligibility requirements for the receipt of services or the participation in programs and activities provided by the CDCR." *Id.*  He also alleged denial of the benefits of the public entity's services by reason of failure to accommodate his vision impairment. *Id.* at ¶ 43 (Plaintiff alleged that the lack of adequate lighting prevented him from

reading, writing, walking without bumping into things, eating, making the bed, and using the weekly library book exchange in a meaningful way).  To state a claim under § 504 of the Rehabilitation Act (RA), a plaintiff must show that "(1) she is handicapped within the meaning of the RA; (2) she is otherwise qualified for the benefit of services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F.3d at 1052.  Here, Plaintiff also meets these elements to state a claim under § 504 of the Rehabilitation Act.  *See* ECF 32, ¶ 11, 12, 38, 39, 43.

Next, to recover damages under Title II of the ADA or Section 504 of the Rehabilitation Act, a plaintiff must show discrimination by the state.  *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).  The Ninth Circuit established that the test for intentional discrimination under the ADA and Rehabilitation Act is deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  The court noted that deliberate indifference "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that ... likelihood." *Id.* at 1139.  The line of reasoning by the Ninth Circuit applies not only to the state entity, but to state officials as well. *See id.* at 1140, 1133 n. 5 (plaintiff permissibly sought damages against individual defendants in their official capacities for ADA violations).

Pursuant to the standard set forth in *Duvall*, Plaintiff sufficiently stated allegations in the Fifth Amended Complaint demonstrating the plausibility of deliberate indifference on the part of Defendants.  Therefore, Plaintiff should be allowed to recover damages under the ADA and Rehabilitation Act, and the Court should deny Defendants' Motion to Dismiss.

1. Plaintiff's allegations that Defendant Perez knew of Plaintiff's lighting issues with regard to his disability when Plaintiff filed a CDC 1824 form and that Plaintiff still continued to suffer deficient lighting demonstrates the plausibility of deliberate indifference on the part of Defendant Perez.

In the Fifth Amended Complaint, Plaintiff alleged that beginning in spring 2007, "Plaintiff was housed in a cell at CMF with deficient lighting that was unusually dark." ECF 32, ¶ 13. Plaintiff alleged that in July 2007, he filed an Accommodation Request (CDC 1824) requesting that the deficient lighting be fixed. *Id.* Plaintiff alleged that on August 2, 2007, Defendant Perez orally promised Plaintiff that the "absence of light would be remedied." *Id.* at ¶ 15. Plaintiff further alleged that on August 3, 2007, in response to Plaintiff's CDC 1824 request, Defendant Perez "recommended that Plaintiff be scheduled for a medical evaluation to determine the need for better lighting." *Id.* at ¶ 16. Plaintiff then alleged that on August 24, 2007, "Dr. Charles Crosson ordered that Plaintiff be provided a light fixture of increased wattage in his cell, an illuminated magnifier, or alternatively, be transferred to a unit with increased light." *Id.* at ¶ 17. Plaintiff alleged that his "need were left unmet for over five months, at which time point he was transferred to another unit." *Id.* at ¶ 19.

These particular allegations make a plausible showing of deliberate indifference on the part of Defendant Perez. Plaintiff noted that he alerted Defendant Perez to Plaintiff's need for accommodation when Plaintiff filed a CDC 1824 form, thus satisfying the first prong of the deliberate indifference test that Defendant Perez have knowledge that harm to Plaintiff's right under the ADA was substantially likely. *See Duvall*, 260 F.3d at 1139 ("When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate

indifference test."). Furthermore, given Defendant Perez's position as an associate warden at the Willis Unit where all cells allegedly had deficient lighting, Defendant Perez was put on notice of Plaintiff's lighting problem. ECF 32, ¶ 30. Plaintiff's allegations also satisfy the second prong of the deliberate indifference test. This prong requires a failure to act that was "the result of conduct that is more than negligent, and involves an element of deliberateness." *Duvall*, 260 F.3d at 1139. In the Fifth Amended Complaint, Plaintiff alleged that his needs were ignored for over five months despite Defendant Perez's knowledge of the lighting problem, Defendant Perez's oral promise to fix the lighting problem, and Defendant Perez's recommendation that Plaintiff be scheduled for a medical evaluation in response to Plaintiff's CDC 1824 request. Although Dr. Crosson issued specific orders to fix Plaintiff's lighting problems, nothing happened. Thus, Plaintiff's plausible showing of deliberate indifference on the part of Defendant Perez makes a cognizable ADA and Rehabilitation claim against Defendant Perez.

2. Plaintiff's allegations that Defendant Mandeville learned about the inadequate lighting in Plaintiff's prison cell through correspondence and committee meetings and that Plaintiff still continued to suffer deficient lighting demonstrates the plausibility of deliberate indifference on the part of Defendant Mandeville.

In the Fifth Amended Complaint, Plaintiff alleged that Defendant Mandeville "was the acting chair of a committee where inmates were invited to voice their concerns." ECF 32, ¶ 18. Plaintiff alleged that he attended these meetings at least twice and voiced his concern about how the lighting problem was affecting his well-being. *Id.* Plaintiff alleged that Defendant Mandeville "cut Plaintiff off and directed him to file an 1824 form, a 602 form, or 'talk to somebody else.'" *Id.* Plaintiff further bolsters these allegations when he noted that the meetings

where Plaintiff voiced his concern to Defendant Mandeville are held every 90 days and that Plaintiff wrote Defendant Mandeville letters. *Id.*, ¶ 31. These allegations in Plaintiff's Fifth Amended Complaint demonstrate that Defendant Mandeville was put on notice of the lighting problem when repeatedly confronted by Plaintiff, thus satisfying the first prong of the deliberate indifference test. *See Duvall*, 260 F.3d at 1139. Plaintiff alleged that his needs still went unmet for over five months. *Id.* at ¶ 19. This points to the inference that Defendant Mandeville's actions constituted more than mere negligence but deliberateness constituting failure to act. *See Duvall*, 260 F.3d at 1139. Thus, Plaintiff's plausible showing of deliberate indifference on the part of Defendant Mandeville makes a cognizable ADA and Rehabilitation claim against Defendant Mandeville in addition to Defendant Perez.

## IV. CONCLUSION

In screening Plaintiff's Fifth Amended Complaint, this Court has already employed the same standard applied under Rule 12(b)(6) and has determined that the Complaints states cognizable claims against Defendants Perez and Mandeville. The law of the case doctrine precludes reconsideration in this circumstance, and the Court should deny the motion.

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct., at 1948. Plaintiff's Fifth Amended Complaint contains well-pled factual allegations which, when taken as true, are sufficient to state claims against Defendants for which relief can be granted. Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss, and Plaintiff be allowed to proceed to discovery in this matter.

If dismissal of the ADA or Rehabilitation Act claim is granted under Rule 12(b)(6),

Plaintiff respectfully requests leave to amend the Fifth Amended Complaint. This Court has long held that in a dismissal for failure to state a claim under Rule 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotations omitted).

Dated: March 23, 2012

Respectfully submitted,

***/S/ Carter C. White***

______________________________

CARTER C. WHITE
Supervising Attorney

Jina Lee
Evelyn Lim
Serena Salinas
Certified Law Students

Counsel for Plaintiff, Charles James