IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORNELIUS JAMES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RUBEN PEREZ, et al.,<br><br>　　　　Defendants.<br>_____/ | 2:08-CV-01857-RRC<br><br>**ORDER DENYING DEFENDANTS PEREZ AND MANDEVILLE'S MOTION TO DISMISS** |

　　　Plaintiff Charles Cornelius James, a California state prisoner, has brought this action against the California Department of Corrections and Rehabilitation (CDCR) and two associate wardens at the facility where he is currently held. He contends that he was deprived of rights guaranteed by the Eighth Amendment of the United States Constitution; the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.; and the Rehabilitation Act, 29 U.S.C. § 701 et seq. He seeks money damages. James is visually impaired and suffers from Amyotrophic Lateral Sclerosis (ALS). Fifth Am. Compl. (Compl.) ¶ 1, ECF No. 32. The two wardens, named as Ruben Perez and "Ms. Mandeville," id. ¶ 5, now seek dismissal of two of James's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court denies the motion.

I.　　Legal Standard.

　　　Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party "may assert the

1 following defense[ ] by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"
2 Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory, or the
3 absence of sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>,
4 901 F.2d 696, 699 (9th Cir.1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530,
5 533–34 (9th Cir.1984)).  On a Rule 12(b)(6) motion, a court takes all allegations of material fact as
6 true and construes them in the light most favorable to the nonmoving party. <u>Marcus v. Holder</u>, 574
7 F.3d 1182, 1184 (9th Cir. 2009).

8 Under Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim
9 showing that the pleader is entitled to relief." The short and plain statement must "give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell. Atl. Corp.</u>
11 <u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a
12 complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
13 face." <u>Id.</u> "A claim has facial plausibility when the plaintiff pleads factual content that allows the
14 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
15 <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

16 II.    Analysis

17 James's complaint asserts two Eighth Amendment claims, pursuant to 42 U.S.C. § 1983, and
18 one claim under Title II of the ADA and § 504 of the Rehabilitation Act. The first Eighth
19 Amendment claim challenges James's prison conditions and is based on Defendants' alleged failure
20 to provide adequate lighting in his cell. Compl. ¶¶ 29-33. The second Eighth Amendment claim is
21 based on the allegedly deficient medical treatment James received for his ALS. <u>Id.</u> ¶¶ 34-36. In his
22 ADA and Rehabilitation Act claim, James alleges that he was denied access to services, activities, or
23 programs administered by the prison such as recreation, writing, and reading, as a result of being
24 denied physical therapy for his ALS, and the inadequate lighting, as his vision impairment has left
25 him blind in low-light. <u>Id.</u> ¶¶ 42-43.

26 Perez and Mandeville seek dismissal of James's prison conditions claim and the ADA and
27 Rehabilitation Act claim. They argue that the prison conditions claim is not cognizable because,
28 rather than attempting to vindicate his Eighth Amendment right to humane conditions of

confinement, it is based on Defendants' alleged ADA and Rehabilitation Act violation and thus cannot be the basis for a § 1983 claim. They seek dismissal of the ADA and Rehabilitation Act claim as asserted against them in their official capacities because James seeks only monetary, rather than injunctive, relief.

    A.    Perez and Mandeville Are Not Precluded From Bringing the Present Motion

Before reaching the merits of the present motion, James argues that, under the law of the case doctrine, this Court's screening order precludes Perez and Mandeville from arguing that he has failed to assert cognizable claims. As required by 28 U.S.C. § 1915A, this Court earlier screened the complaint in issue and determined that it states cognizable claims against Defendants. See Order (Screening Order for the Fifth Amended Complaint), Aug. 30, 2011, ECF No. 33.

The Court disagrees with James, however, that its screening order precludes Perez and Mandeville from now challenging the complaint under Rule 12(b)(6). Although there appears to be no controlling law on this issue, the Court generally agrees with the United States District Court for the Southern District of California's reasoning in Teahan v. Williams, 481 F. Supp. 2d 1115, 1118-20 (S.D. Cal. 2007), and its conclusion that the screening and dismissal procedure under § 1915A "is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring," id. at 1119. Section 1915A requires that this Court screen complaints sua sponte. To adopt James's position would deprive Defendants of the basic procedural right to challenge the sufficiency of the pleadings. See id. at 1119-20. Absent authority establishing otherwise, the Court declines to deny Perez and Mandeville's motion based solely on its screening order.

    B.    Prison Conditions Claim

The Court disagrees with Perez and Mandeville that James's § 1983 prison conditions claim is based on an ADA or Rehabilitation Act violation rather than a violation of the Eighth Amendment. Although Perez and Mandeville correctly point out that, under Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002), a plaintiff may not use § 1983 to vindicate rights created by Title II of the ADA or § 504 of the Rehabilitation Act, this case is distinguishable from Vinson. The plaintiff in Vinson had asserted a § 1983 claim expressly predicated on an alleged violation of Title II of the ADA and §524 of the Rehabilitation Act. James, on the other hand, asserts a § 1983 claim

expressly predicated on an Eighth Amendment violation. He separately asserts an ADA and Rehabilitation Act claim.

The Court declines to construe James's prison conditions claim as a duplication of his ADA and Rehabilitation Act claim. Consistent with an Eighth Amendment claim, James says that the he was deprived of a "basic human necessity in the form of adequate lighting." Compl. ¶ 32. See, e.g., Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (stating that plaintiffs must show, among other things, that they have been denied "the minimal civilized measure of life's necessities" to establish a violation of the Eighth Amendment (citations omitted)). "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). In Hoptowit, the Ninth Circuit upheld a district court's conclusion that prison lighting violated the Eighth Amendment when it "was so poor that it was inadequate for reading and caused eyestrain and fatigue and hindered attempts to insure that basic sanitation was maintained." Id.

Perez and Mandeville rest their argument on James's repeated references in his complaint to his vision impairment and his medical needs, and the fact that, in notifying prison officials about the deficient lighting, he filled out a form seeking accommodation for his disability rather than one used to report general prison grievances. Thus, Perez and Mandeville argue, "rather than taking issue with the inadequacy of the lighting conditions as a general[] Eighth Amendment matter, the thrust of Plaintiff's [prison conditions claim] is on how the lighting conditions in his cell affected Plaintiff personally, in light of his vision disability." Memo. of Points and Authorities in Supp. of Mot. to Dismiss at 6, ECF No. 43-1.

Perez and Mandeville, however, provide no authority establishing that James cannot assert an Eighth Amendment violation based on the failure to accommodate his disability. Rather, in Frost v. Agnos, 152 F.3d 1124, 1128-30 (9th Cir. 1998), the Ninth Circuit concluded that jail officials' failure to accommodate the plaintiff's disability by providing, for example, a handicapped accessible shower, gave rise to an Eighth Amendment conditions of confinement claim.[1] See also Casey v.

---

[1] Because the plaintiff's conditions of confinement claim was brought by a pretrial detainee, it was analyzed under the Fourteenth Amendment rather than the Eighth Amendment. However, the Ninth

Lewis, 834 F. Supp. 1569, 1581 (D. Ariz. 1993) (addressing an Eighth Amendment prison conditions claim and stating, "disabled inmates must be provided with physical accommodations necessary because of their disabilities" (citing LaFaut v. Smith, 834 F.2d 389, 392–94 (4th Cir. 1987))). Nor do Perez and Mandeville cite any authority establishing that James cannot assert an ADA or Rehabilitation Act claim and an Eighth Amendment claim based on the same underlying conduct by Defendants. The claims themselves involve different elements. See Order (Screening Order for the Fourth Amended Complaint) at 2-4, May 31, 2011, ECF No. 31. That James is complaining about Defendants' failure to address the inadequate lighting as an ADA and Rehabilitation Act violation does not preclude him from also complaining that the inadequate lighting violated the Eighth Amendment.

Moreover, James alleges sufficient facts to support an Eighth Amendment claim even if that claim cannot be based on a failure to accommodate his disability. James's prison conditions claim does not necessarily depend on his disability, as he alleges that "all cells had deficient lighting, not only Plaintiff's." Compl. ¶ 30. And all of James's alleged injuries do not necessarily flow from his disability. Without mentioning his vision impairment, James alleges he suffered deteriorated mental function, depression, and anxiety, and was unable to read or otherwise use his vision while in his cell because of the inadequate lighting. Id. ¶ 20. Those injuries may well be unrelated to James's vision disability. Construing the pleadings liberally, James could be said to be alleging that Defendants failed to provide him with humane conditions of confinement regardless of his disability by providing inadequate lighting in his cell. James has sufficiently pled a § 1983 claim based on a violation of the Eighth Amendment.

C. ADA and the Rehabilitation Act Claim.

The Court also declines to dismiss James's ADA and Rehabilitation Act claim, which seeks monetary relief from Perez and Mandeville in their official capacities. Perez and Mandeville had initially sought dismissal of this claim on the ground that individual defendants cannot be sued for

---

Circuit applied the Eighth Amendment standard, because "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment." Frost, 152 F.3d at 1128 (citations omitted).

1 money damages in their official capacities under the ADA and the Rehabilitation Act. In their reply,
2 however, they acknowledge that such claims are permissible and seek dismissal on the ground that
3 the "better practice" is to name the state of California because the state must pay the damage award.
4 The state is already named as a party, as the CDCR is as a defendant, and James's ADA and
5 Rehabilitation claim is asserted against it.
6       Although Perez and Mandeville are correct that an action against state officials in their
7 official capacities is really an action against the state, Butler v. Elle, 281 F.3d 1014, 1023 n.8 (9th
8 Cir. 2002) (citations omitted), they cite to no authority requiring dismissal of the state officials when
9 they are sued in addition to the state. Moreover, James has not had an opportunity to respond to
10 Perez and Mandeville's new argument because it was raised for the first time in their reply. James
11 may continue to assert his ADA and Rehabilitation Act claim against Perez and Mandeville.

12 **IT IS HEREBY ORDERED:**
13       Defendants Perez and Mandeville's motion to dismiss is DENIED.
14 DATED: October 31, 2012.

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE